UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERICK GUILLERMO VALLE,

                Plaintiff,

      -against-                           **OPINION & ORDER**
                                                10-CV-2909 (SJF)(AKT)
MICRO RESEARCH TECHNOLOGIES, and        10-CV-3189 (SJF)(AKT)
FRANK DORIA, CHIEF OF OPERATIONS,

                Defendants.
-----------------------------------------------------------------X
FEUERSTEIN, District Judge:

Incarcerated *pro se* plaintiff Erick Guillermo Valle ("Plaintiff") filed an *in forma pauperis* complaint in this Court that was assigned No. 10-CV-2909 and purported to allege a "Bivens" action against Micro Research Technologies and Frank Doria ("Doria"), Chief of Operations for Micro Research Technologies (together, "Defendants"). According to the complaint, Plaintiff's unspecified constitutional rights were violated when Defendant Doria sexually assaulted Plaintiff's minor daughter and Plaintiff sought to recover fifty million dollars ($50,000,000) from the Defendants for his alleged "mental anguish." Approximately two weeks later, Plaintiff filed a new complaint that was assigned No. 10-CV-3189 against the same Defendants based on the same set of facts. The only substantive differences between the two Complaints are that the second complaint purports to allege a civil rights claim against the Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983) rather than a <u>Bivens</u> claim, and Plaintiff seeks monetary damages of five hundred million dollars ($500,000,000). Given that the two complaints purport to allege claims against the same defendants arising from the same facts, the Court construes the later complaint to be an amended complaint rather than a new action.

Accordingly, the Court deems the complaint filed in No. 10-CV-3189 (the "Amended Complaint") to amend the complaint in No. 10-CV-2909 and directs the Clerk of the Court to close No. 10-CV-3189.

With regard to the Plaintiff's application to proceed *in forma pauperis*, upon review of the declaration accompanying Plaintiff's application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application is granted. However, for the reasons set forth below, the amended complaint is *sua sponte* dismissed without prejudice.

I. The Amended Complaint

Plaintiff claims a violation of his "civil rights and parental rights" pursuant to 42 U.S.C. § 1983. Complaint at 2. According to the Amended Complaint, Doria sexually assaulted his then-twelve year old daughter at her mother's place of employment. Plaintiff alleges that Doria "sexually abused her by touching and rubbing her vagina and her breast" (*Id.*) and threatened to fire her mother and leave them homeless if she told her father or anyone else about the incident. *Id.* Furthermore, Plaintiff alleges that his daughter now refuses to communicate with him because she is scared of retaliation if Doria finds out that she told Plaintiff. *Id.* Plaintiff seeks, *inter alia*, five hundred million dollars ($500,000,000) for pain and suffering and emotional

2

distress that he and his daughter have suffered.[1] *Id.* at 2-3.

II. Discussion

A. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his

---

[1] The Court notes that to the extent the *pro se* plaintiff seeks to assert claims on behalf of his daughter, he is barred from doing so. See Berrios v. New York City Housing Authority, 564 F.3d 130, 133 (2d Cir. 2009) (parent cannot bring suit on behalf of his minor child without representation by counsel) (citing Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).

3

pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

B.  Plaintiff's Bivens Claim

Insofar as Plaintiff intended to bring a Bivens action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), such action is unsupported by the allegations. Bivens claims are those brought against federal employees in their individual capacities. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir.1994); Hightower v. United States, 205 F. Supp. 2d 146, 154 (S.D.N.Y. 2002). Neither complaint makes any allegations that supports a finding that Doria is a federal employee of any kind. Accordingly, Plaintiff's Bivens claim is dismissed..

C.  Plaintiff's Section 1983 Claim

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the

4

conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999); see Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Here, Plaintiff purports to allege a claim pursuant to Section 1983, however, Plaintiff fails to include any allegations to support that the Defendants are state actors. Merely private actors are not subject to liability under Section 1983. Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir.2002); Hamlin v. City of Peekskill Board of Education, 377 F. Supp. 2d 379, 383-84 (S.D.N.Y. 2005) ("Claims under 42 U.S.C. § 1983 lie only against state actors - that is, persons acting under color of state law - who deprive the plaintiff of a right, privilege or immunity secured to [plaintiff] by the United States Constitution."). Moreover, Plaintiff has failed to plead a violation of his constitutional rights as is required to allege a Section 1983 claim. Even upon a liberal construction, the Court cannot discern a constitutional violation from the facts alleged.

Moreover, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); Lyndonville Sav. Bank & Trust Co. V. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the court *sua sponte*. Bender, 475 U.S. at 541. If subject matter jurisdiction is lacking, the action must be dismissed. Id.; Fed. R. Civ. P. 12(h)(3). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id.

1. Diversity Jurisdiction

The facts in the Amended Complaint do not support a pleading of diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) ("It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'") (quoting Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 13 S. Ct. 602, 37 L. Ed. 493 (1893)). Plaintiff has provided no facts concerning his pre-incarceration domicile nor does his allege an intent to be domiciled in the state of incarceration. Poucher v. Intercounty Applicance Corp., 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004) (a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his pre-incarceration domicile) (citing Housand v. Heiman, 594 F.2d 923, 925 n. 5 (2d Cir. 1979)). Without allegations of Plaintiff's domicile, the Court cannot find diversity jurisdiction over this action.

2. Federal Question Jurisdiction

"A plaintiff properly invokes § 1331 jurisdiction when []he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. A

claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10. Given the absence of a federal claim, the Court lacks federal subject matter jurisdiction to adjudicate this case and the Amended Complaint is dismissed without prejudice. Plaintiff may pursue any valid claims he may have against the Defendants in state court.

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[l]eave to amend, though liberally granted, may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

Notwithstanding Plaintiff's *pro se* status, upon a liberal reading there is simply no indication that a valid claim might be stated against these Defendants by the Plaintiff.

Accordingly, the Court declines to grant leave to further amend the complaint and directs that the Amended Complaint be dismissed and the case closed.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is granted and the amended complaint is *sua sponte* dismissed without prejudice with leave to pursue any valid claims against the defendants in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ Sandra J. Feuerstein
United States District Judge

10/7/10

Dated: October 7, 2010
Central Islip, New York